**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

        **v.**          **Criminal No. 05-30002-001**

**JEFFERY ARTRIPE**                                                       **DEFENDANT**

**O R D E R**

Now on this 4th day of October, 2006, comes on for consideration the defendant's **Motion to Reconsider Motion for Release of Seized Firearms (Doc. 69)** and the **Government's Response (Doc. 70)** in opposition. The Court, being well and sufficiently advised, finds and orders as follows:

1. The Court previously entered an order denying defendant's motion for the return of two firearms that were seized during the course of the investigation that led to defendant's conviction for growing marijuana. (Doc. 68.) The Court held that, as a convicted felon, defendant could not possess the firearms, nor could he request that the firearms be placed in the possession of his mother.

2. In his motion for reconsideration, defendant states that he is not seeking to transfer *possession* of the firearms to his mother, but to transfer *ownership* of the firearms to her. The Court sees no basis for reconsidering its prior ruling, as defendant's mother has not intervened in this matter seeking to claim ownership of the firearms, nor has defendant submitted an affidavit from her stating that she is willing and able to assume

ownership of the firearms.  *See United States v. Headley*, 2002 WL 31473476, *1 (6th Cir. 2002).

3.  Defendant alternatively requests the Court to order the Government to appraise the weapons prior to their destruction, in order to preserve defendant's right to pursue an action to recover the value of the firearms.  It is unlikely that a civil action to recover the value of the firearms would be successful.  *See United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990) ("to allow [a convicted felon] to reap the economic benefit from ownership of weapons [] which it is illegal for him to possess would make a mockery of the law").  However, this issue is not for the Court to decide in the current proceeding and the Court will require the Government to provide defendant an appraisal of the weapons to preserve his right to pursue any other remedies that he may have.

4.  Based on the foregoing, defendant's **Motion to Reconsider Motion for Release of Seized Firearms (Doc. 69)** is **DENIED**.

The Government is directed to provide defendant with an appraisal of the value of the firearms prior to their destruction.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**